IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| REETA CASON,<br><br>    Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC.,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Reeta Cason ("Plaintiff" or "Mrs. Cason"), by and through her undersigned counsel, and files this Complaint for Damages, showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to the Age Discrimination in Employment Act of 1967, as amended ("ADEA").

2.

This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 2000e-5(f).

1

3.

Defendant Marriott International, Inc. ("Defendant") does business in this judicial district. Additionally, the unlawful employment practices committed by Defendant that form the basis of this lawsuit were committed within this district.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADEA. Plaintiff filed a charge of discrimination with the EEOC on December 3, 2020.

5.

On March 16, 2021, Plaintiff requested that the EEOC issue the related Notice of Right to Sue with respect to her Charge of Discrimination filed against Defendant.

## PARTIES

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

Defendant is a foreign profit corporation qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under the ADEA.

9.

Defendant is now and, at all times relevant hereto, has been a foreign limited liability company engaged in an industry affecting commerce. During all times relevant hereto, Defendant has employed twenty (20) or more employees for the requisite duration under the ADEA.

10.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Registered Agent, CT Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046.

# FACTUAL ALLEGATIONS

11.

Defendant hired Mrs. Cason in November 1998 as a Bartender at its Atlanta Evergreeen Marriott Conference Resort in Stone Mountain, GA.

12.

In July 2019, Defendant promoted Mrs. Cason to a Supervisor position in Food & Beverage.

13.

On October 12, 2020, Mrs. Cason received a call from her Manager, Ozgur Yurtseven, notifying her that her position had been eliminated.

14.

Mrs. Cason asked Mr. Yurtseven how he was going to run the department on his own, to which he responded that Defendant was going to hire an Assistant Manager.

15.

Mr. Yurtseven stated that Defendant had already hired someone.

16.

Mr. Yurtseven claimed that the General Manager wanted someone with "young energy" in the position.

17.

At the time, Mrs. Cason was sixty (60) years old.

18.

The employee that was hired as Assistant Manager, Savanna (Last Name Not Known), was in her mid-twenties.

19.

Savanna had substantially less experience in restaurants and management compared to Mrs. Cason.

20.

Savanna told Mrs. Cason while Mrs. Cason was training her, Defendant had contacted her to tell her about the Assisatant Manager position, and that it was "hers if she wanted it."

21.

Defendant terminated Mrs. Cason effective October 23, 2020.

22.

While Defendant claimed that Mrs. Cason's position had been eliminated, the job duties of the Assistant Manager were substantially similar to those that Mrs. Cason had been performing as the Supervisor for Food & Beverage.

23.

Mrs. Cason was never given the opportunity to apply for the Assistant Manager position.

24.

Additionally, during the same time period, at least two other long-term employees over the age of 60 were terminated by Defendant for an alleged "lack of work."

25.

Further, during this same time period, younger employees were given the opportunity to take other positions if their positions were eliminated

26.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's discriminatory motive.

27.

Defendant treated other employees outside of Mrs. Cason's protected class, i.e. employees younger than 40, more favorably.

28.

Mrs. Cason was on the verge of qualifying for her 25Year Card, which would have given her travel privileges for life.

29.

When terminated, Mrs. Cason was offered a couple weeks' severance in exchange for agreeing not to sue.

30.

Mrs. Cason declined this offer.

31.

While Defendant claimed that terminations were resulting from reductions in business due to COVID-19, the company remained profitable at Plaintiff's location.

## COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AS AMENDED

32.

Plaintiff reincorporates by reference paragraphs 11-31.

33.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her age in violation of ADEA, as amended.

34.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

35.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her age.

36.

As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has lost wages and benefits.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(g)     All other relief to which she may be entitled.

Respectfully submitted the 30th day of March, 2021.

**BARRETT & FARAHANY**

 s/ *Adian R. Miller*
Adian R. Miller
Georgia Bar No. 794647

*Attorney for Reeta Cason*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
adian@justiceatwork.com

9